IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHEIKH GADIO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:26cv896 |
| | ) | **Electronic Filing** |
| **MICHAEL T. ROSE, MARK WAYNE** | ) | |
| **MULLIN, TODD BLANCHE, DAREN** | ) | |
| **MARGOLIN, LEONARD ODDO,** | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

AND NOW this 10th day of August, 2026, upon due consideration of petitioner's motion to enforce this Court's Judgment Order of June 12, 2026, as augmented by petitioner's supplemental submissions of August 5, 2026 (Doc. No. 12), IT IS ORDERED that [8] the motion as [12] augmented be, and the same hereby is, denied.

Petitioner's motion demonstrates that respondents sufficiently complied with this court's Judgment Order.  The alleged deficiencies are 1) "the Immigration Judge failed to consider critical evidence and did not evaluate alternatives to detention"; and 2) "the IJ made multiple legal errors, such as applying the incorrect legal standard."  Motion (Doc. No. 8) at 1.  As the government's response in opposition points out, "[u]nder 8 U.S.C. § 1226(e), [this court] lack[s] the jurisdiction to review the discretionary aspects of an IJ's 'discretionary judgment regarding the denial of a bond.'"  Gov. Response (Doc. No. 10) at p.3 (quoting <u>Quinteros v. Warden Pike County Correctional Facility</u>, 784 F. App'x 75, 76 (3d Cir. 2019).  In this regard, "[a] motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order."  <u>Id.</u> (quoting

Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).  Numerous judges in this District have recognized these fundamental principles govern what in effect are efforts to obtain reconsideration of an immigration judge's decision on bond.  Id. at 4 (collecting cases).

Similarly, "evidentiary quibbles fail to demonstrate that the government deprived [Petitioner] of a fundamentally fair bond hearing."  Ghanem, 2022 WL 574624, at *2.  Relief from such matters lies with review by the Board of Immigration Appeals and the United States Court of Appeals for the Third Circuit.  Nor does the record contain a showing that the immigration judge "committed plain legal error by misidentifying or misapplying the relevant legal precepts."  Romero v. Ogle, 2021 WL 8362027, *2 (M.D. Pa. Nov. 12, 2021) (citing Serrano-Vargas v. Lowe, 2019 WL 3003382, at *2 (M.D. Pa. July 10, 2019); Chajchic v. Rowley, 2017 WL 4401895, at *5 (M.D. Pa. July 25, 2017)).  Consequently, the shortcomings which petitioner highlights do not rise to the level of a violation of a constitutional right or federal law that will support further relief pursuant to a motion to enforce judgment.

Finally, the length of petitioner's detention has not progressed to the point where it has become unconstitutionally or unreasonably prolonged.  The record indicates that petitioner has been detained for ten months, which falls short of the oppressive confinement needed to trigger further review under German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 213 (3d Cir. 2020) (holding that 30 month detention under § 1226(e) triggered due process review to ascertain whether a bond hearing was warranted and that as part of that review the reasonableness of the length of detention "is a highly fact-specific inquiry"); Michelin v. Warden Moshannon Valley Correctional Center, 169 F.4th 418, 434 (3d Cir. 2026) (while detention becomes more suspect when it extends beyond six months to a year from when it begins, there is

no *per se* rule that longer detention is unreasonable because "the precise time may vary case to case"); Cf. Borbot v. Warden of Hudson Cty. Corr. Facility, 906 F.3d 274, 280 (approximately 18 month detention was not "unreasonably prolonged" under § 1226(a) where an initial bond hearing was constitutionally adequate, the petitioner was subject to a final order of removal and he failed to identify any meaningful change in circumstances warranting a second hearing; and instead, the petitioner merely sought to shift the burden to the government to justify the ongoing detention based solely on the duration of the detention alone).

It follows that petitioner has shown neither a defect in the bond hearing that supplies a basis for reconsideration pursuant to § 2241 and/or due process nor that the duration of his detention has become unreasonably suspect under the principles of due process.  Consequently, his motion to enforce judgment has been denied.

<div style="margin-left:50%">

s/ David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

</div>

cc:     Matthew McHale, AUSA

      (*Via CM/ECF Electronic Mail*)

      Cheikh Gadio
      A240061512
      Moshannon Valley Processing Center
      555 Geo Drive
      Philipsburg, PA 16866

      (*Via First Class Mail*)